John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Plaintiff
Shenzhen Gooloo E-Commerce Co., Ltd.

Alex W. Ruge, (*Pro Hac Vice*)
aruge@sheridanross.com
Robert R. Brunelli (*Pro Hac Vic*)
RBrunelli@sheridanross.com
Aaron P. Bradford (*Pro Hac Vice*)
ABradforddford@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-9700
Facsimile: (303) 863-0223

Sean A. O'Brien, Bar No. 133154
sao@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant
Pilot, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shenzhen Gooloo E-Commerce Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>PILOT, INC.,<br><br>Defendant. | Case No. 22-cv-02219-RGK-E<br><br>**RENEWED JOINT STIPULATION TO STAY CASE PENDING RESOLUTION OF *INTER PARTES* REVIEWS OF '653 PATENT**<br><br>Judge: Hon. R. Gary Klausner<br>Magistrate: Hon. Charles F. Eick |

Pursuant to Local Rules 7-1 and 15, Plaintiff Shenzhen Gooloo E-Commerce Co., Ltd. ("Gooloo") and Defendant Pilot, Inc. ("Pilot") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

1. The parties previously filed a joint stipulation requesting that the Court grant the same relief herein requested on December 28, 2022. (ECF No. 90).

2. On January 3, 2023, the Court denied the requested stay as premature stating:

> The Court deems the stipulation premature because the Patent Trial and Appeal Board's ("PTAB") decision on one of the IPRs, PTAB Case No. IPR2021-01232, is imminent. (See id. at 2.) The result of that ruling, along with any involved party's decision to appeal the ruling to the Federal Circuit, may inform the Court's decision regarding a stay. Accordingly, the Stipulation is **DENIED without prejudice**. The patties may file a renewed stipulation once the PT AB rnles on the outstanding IPR and any appeal has been filed.

(ECF No. 93).

3. The actions identified by the Court have now occurred, and the Parties therefore present this renewed joint stipulation.

4. The Parties are currently engaged in discovery. Fact discovery is scheduled to close on February 10, 2023.

5. Gooloo's Complaint is focused on issues related to invalidity and infringement of the '653 Patent. In particular, Gooloo seeks a declaratory judgment of non-infringement claims 1-20 of the '653 Patent (ECF No. 30 ¶¶ 104-115); declaratory judgment of invalidity of claims 7-20 of the '653 Patent under 35 U.S.C. § 102 (*Id.* ¶¶ 116-125); declaratory judgment of invalidity of claims 1 and 3-20 of the '653 Patent under 35 U.S.C. § 103 (*Id.* ¶¶ 126-137); declaratory judgment of invalidity of claims 4, 10, and 13 of the '653 Patent under 35 U.S.C. § 112(a) for

lack of written description (*Id.* ¶¶ 138-159); and declaratory judgment of invalidity of claims 1-6 of the ‘653 Patent under 35 U.S.C. § 112(a) for lack of enablement (*Id.* ¶¶ 160-169).

6. Nearly all of the claims at issue in these five counts have been found invalid by the United States Patent and Trademark Office Patent Trial and Appeal Board (“PTAB”). These decisions are on appeal before the United States Court of Appeals for the Federal Circuit.

7. On April 7, 2021, non-party The NOCO Company, Inc. (“NOCO”) filed a Petition for *Inter Partes Review* of U.S. Patent No. 10,046,653 before the PTAB challenging nearly every claim of the’653 Patent at issue in this litigation, docketed as PTAB Case No. IPR2021-00777. On October 5, 2021, the PTAB instituted *inter partes review* of the challenged claims (“NOCO IPR”). On October 3, 2022, the PTAB held in a final written decision that all but one of the challenged claims were unpatentable (i.e. invalid). On December 5, 2022, Pilot filed a notice of appeal to the United States Court of Appeals for the Federal Circuit. That appeal is pending as U.S. Federal Circuit Case No. 23-1234.

8. On July 16, 2021, non-party Shenzhen Chic Electronics Co., Ltd., (“Shenzhen Chic”) filed a Petition for *Inter Partes Review* of U.S. Patent No. 10,046,653 before the PTAB challenging all but one claim of the’653 Patent, docketed as PTAB Case No. IPR2021-01232. This Petition for *Inter Partes Review* encompassed additional claims not challenged in the NOCO IPR. On January 14, 2022, the PTAB instituted *inter partes review* of the challenged claims (“Shenzen Chic IPR”). On October 12, 2022, the PTAB heard oral argument. On January 9, 2023, the PTAB again held in a final written decision that all but one of the challenged claims were unpatentable (i.e. invalid). On January 10, 2023, Pilot filed a notice of appeal to the United States Court of Appeals for the Federal Circuit. That appeal is pending but has not yet been given a case number.

9. The final written decisions in the two IPRs each hold all challenged claims invalid with the sole exception of Claim 3 of the ‘653 Patent. Claim 3 is subject to a claim construction by the PTAB that is disputed on appeal.

10. The parties agree that there is good cause for a stay of this action pending the conclusion of the Federal Circuit appeals of NOCO’s IPR in Case No. 23-1234 as well as of Shenzhen Chic’s IPR, Case No. IPR2021-01232. Gooloo is asserting claims for a declaratory judgment of invalidity of the ’653 patent, and such claims will be materially impacted—and perhaps even rendered moot—by any decision of the PTAB and/or Federal Circuit in the pending IPR proceedings and their appeals. Thus, allowing these proceedings to conclude before further litigating this case will both simplify this proceeding by resolving or substantially advancing issues in dispute, such as claim construction and invalidity of claims of the ’653 patent, as well as create judicial efficiency by postponing further activity until after the Federal Circuit has ruled on these issues. A stay may also prevent potentially inconsistent determinations of validity on the same claims of the ’653 Patent. The parties expect that the stay will be in place approximately one year, as the Federal Circuit’s median time for appeals from the PTAB has historically been approximately 11 months.

11. A district court “has broad discretion to stay proceedings as an incident to its power to control its own docket.” *Clinton v. Jones*, 520 U.S. 681, 706 (1997). For example, a district court “may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.” *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In such cases, the court “need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay.” *Moore v. Universal Prot. Serv., LP*, No. EDCV 19-2124 JGB (SPx), 2020 U.S. Dist. LEXIS

88220, at *8 (C.D. Cal. May 15, 2020) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

12. In the context of *inter partes* review proceedings, courts in this district primarily consider three factors: "(1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *See Pause Commers., Inc. v. Hulu, Inc.*, No. 2:21-cv-02302-RGK-KES, 2021 U.S. Dist. LEXIS 201641, at *3 (C.D. Cal. June 24, 2021). However, the inquiry on whether to grant a stay encompasses the totality of the circumstances. *Id.*

13. Discovery is not complete and, although a trial date has been set, dispositive motions have not been filed. Fact discovery does not close until February 10, 2023, and the trial is scheduled for May 9, 2023. (ECF No. 66.) Although the parties have engaged in initial discovery efforts, a significant amount of discovery remains—for example, no depositions have been conducted—and the parties have not filed motions for summary judgment. The Court has also not started the claim construction process. This factor favors a stay. *See, e.g., Fulfillium, Inc. v. ReShape Med., LLC*, No. 2:17-cv-08419-RGK-PLA, 2018 U.S. Dist. LEXIS 229793, at *4-5 (C.D. Cal. June 4, 2018) (finding this favor weighed slightly in favor of stay where a significant amount of discovery remained and the parties had not yet filed motions for summary judgment, even though the case had been pending for over a year and the Court had already touched on the substantive issues of patent invalidity); *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP (SPx), 2015 U.S. Dist. LEXIS 53053, at *6-7 (C.D. Cal. Apr. 20, 2015) (finding this factor weights in favor of granting a stay where fact discovery is not complete).

14. It does not make sense for the parties or the Court to expend resources litigating issues that would be mooted if the Board's ruling is affirmed on appeal.

Some courts find this factor to weigh in favor of a stay even before the Board institutes *inter partes* review, *see, e.g., Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP (SPx), 2015 U.S. Dist. LEXIS 53053, at *7-8 (C.D. Cal. Apr. 20, 2015) (granting pre-institution stay), although there is far from a consensus on that, *see, e.g., Pause Commers., Inc. v. Hulu, Inc.*, No. 2:21-cv-02302-RGK-KES, 2021 U.S. Dist. LEXIS 201641, at *4 (C.D. Cal. June 24, 2021) (rejecting pre-institution stay). However, the IPRs have not only been instituted but has reached a final written decision invalidating most of the claims of the ’653 Patent. At this point, simplification of the issues is likely. *See Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, 2017 U.S. Dist. LEXIS 225428, at *9 (E.D. Va. Mar. 20, 2017) (“When a party is appealing a decision to invalidate claims, the Federal Circuit’s decision is likely to simplify the case because it could confirm the mootness of certain claims.”).

15. Finally, there would be no undue prejudice to Gooloo or Pilot from granting the stay, as confirmed by their joint request for this relief. While the stay would, by its nature, delay the litigation, delay alone does not establish undue prejudice. *Nichia*, 2017 U.S. Dist. LEXIS 183610, at *16.

16. For the good cause as explained in the paragraphs above, the Parties stipulate and agree to stay this case until the Federal Circuit issues its mandate on the NOCO IPR and the Shenzhen Chic IPR. Following issuance of a mandate on both the NOCO IPR and the Shenzhen Chic IPR by the Federal Circuit (or a final decision on one IPR that terminates any further proceedings on the other) the stay shall be lifted immediately upon a motion to the Court by either party. The parties agree to file a joint status report updating the Court within fourteen (14) days of the final resolution of these actions.

17. The parties agree the stay is contingent upon Pilot (or any agent, person, or entity acting on its behalf) in no way attempting to remove or interfere with Gooloo’s jump starter products by asserting any claim of the ’653 Patent,

whether on Amazon, or any other marketplace, forum, store, or related selling place. Should Pilot (or any agent, person, or entity acting on its behalf) attempt to remove or remove any Gooloo products by asserting the ’653 Patent in any forum, the stay shall be lifted immediately upon a motion to the Court by either party.

18. The Parties further agree that the agreement to stay the case is contingent on Pilot’s representation to Gooloo that it will not use the stay or the duration of the stay as a basis to challenge or evidence in support of any challenge to Gooloo’s jurisdiction over its claims in federal court, including, but not limited to any challenge over the Court’s subject matter jurisdiction.

19. The Parties further agree and stipulate that all current case deadlines shall be suspended and all activity in the case shall cease.

20. The only exception to Paragraph 16 above is that the Parties agree that Pilot may continue efforts to serve a third-party subpoena on Shenzhen Carku Technology Co., Ltd. (“Carku”) through Pilot’s currently pending Unopposed Motion For Issuance Of Letter Of Request To Examine Persons And Inspect Documents Pursuant To Hague Convention (ECF No. 91), seeking service through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (“Hague Service Convention”). But, any efforts to enforce the third-party subpoena, once served, shall be stayed along with the rest of the case.

21. Nothing in Paragraph 16 or anything else in this stipulation shall be read or construed to limit or suspend either party’s ability to seek immediate relief from the Court under a temporary restraining order or related procedure.

Pursuant to the Local Rule 5-4.3.4, regarding signatures, I attest that concurrence in the filing of the document has been obtained from each of the other signatures listed below.

DATED: January 11, 2023

**PERKINS COIE LLP**

By: */s/ Heath L. Hyatt*

John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Oliver M. Gold, Bar No. 279033
OGold@perkinscoie.com
1888 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-3291
Facsimile: (310) 788-3399

Heath L. Hyatt (Pro Hac Vice)
HHyatt@perkinscoie.com
1201 Third Avenue
Suite 4900
Seattle, Washington 98101

*Attorneys for Plaintiff*
Shenzhen Gooloo E-Commerce Co., Ltd.

DATED: January 11, 2023

**SHERIDAN ROSS P.C.**

By: */s/ Alex W. Ruge*

Alex W. Ruge, (*Pro Hac Vice*)
aruge@sheridanross.com
Robert R. Brunelli (*Pro Hac Vic*)
RBrunelli@sheridanross.com
Aaron P. Bradford (*Pro Hac Vice*)
ABradforddford@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-9700
Facsimile: (303) 863-0223

Sean A. O'Brien, Bar No. 133154
sao@paynefears.com
PAYNE & FEARS LLP

4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

*Attorneys for Defendant*
Pilot, Inc.